IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNETH THOMAS, on behalf of himself and all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 3:26-cv-01193 |
| QUALITY DINING, INC., | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant, Quality Dining, Inc. ("Quality Dining"), pursuant to 28 U.S.C. §1446 and §1453, hereby files its Notice of Removal of civil action to the United States District Court for the Northern District of Indiana, South Bend Division, from the Superior Court of St. Joseph County, Indiana, and respectfully states:

1. Quality Dining is the named defendant in a proposed class action now pending in the Superior Court of St. Joseph County, Indiana, Cause No. 71D04-2607-CE-000012, styled *Kenneth Thomas, on behalf of himself and all others similarly situated, Plaintiff, v. Quality Dining, Defendant*. The action was initiated by the filing of a proposed Class Action Complaint on July 8, 2026.

2. Quality Dining was served with a copy of the Class Action Complaint and summons on July 14, 2026. Therefore, this notice is timely pursuant to 28 U.S.C. § 1446. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322 (1999).

3. The Class Action Complaint includes various Counts or theories of liability which seek to obtain on behalf of the named Plaintiff "and other similarly situated employees" of

Quality Dining (a) various forms of injunctive and equitable relief as well as (b) compensatory damages and (c) punitive damages allegedly suffered by the named Plaintiff and other members of the proposed class as a result of Quality Dining's alleged failure to properly secure and safeguard the personally identifiable information ("PII") of the named Plaintiff and other similarly situated persons. Class Action Complaint, ¶¶ 1, Prayer for Relief, p. 44-48.

4. The named Plaintiff, Kenneth Thomas, upon information and belief, was at the time of the filing of the Class Action Complaint, and presently is, a citizen of the of the State of Michigan, being a resident of Stevensville, Michigan. Class Action Complaint, ¶ 10. It appears from the allegations of the Class Action Complaint that the members of the proposed class, including the named Plaintiff, are current or former employees of restaurants operated by Quality Dining during the relevant time period, which is believed to be 2012 through the date of the alleged breach in 2026. Class Action Complaint, ¶¶ 1, 151, 153-156, 165. Quality Dining currently operates restaurants in three states; Indiana, Michigan and Florida. Class Action Complaint, ¶ 2. However, during the relevant time period, Quality Dining also operated restaurants in Ohio, New Jersey, Pennsylvania and Delaware.

5. Quality Dining is considered a citizen of Indiana, being an entity incorporated under Indiana law with its principal place of business in Mishawaka, Indiana. Class Action Complaint, ¶ 2.

6. The named Plaintiff contends, on information and belief, that the proposed class consists of "millions of individuals." Class Action Complaint, ¶ 118. At this time, the basis for the named Plaintiff's belief is unknown and Quality Dining disputes that allegation. Quality Dining believes that the proposed class potentially consists of approximately 160,000 current and

former employees of Quality Dining during the years 2012 through the date of the alleged data breach in 2026.[1]

7. As noted above, the Class Action Complaint includes various Counts which seek to obtain on behalf of the class members (a) various forms of injunctive and equitable relief as well as (b) compensatory damages and (c) punitive damages allegedly suffered by the named Plaintiff and other members of the proposed class as a result of Quality Dining's alleged failure to properly secure and safeguard the PII of the named Plaintiff and other similarly situated persons. Punitive damages are available under Indiana law where an independent tort, such as fraud, is proven. Quality Dining contends that the allegations of the Class Action Complaint do not plead such a tort, yet the named Plaintiff apparently contends otherwise. The law of Indiana limits punitive damages to the greater of $50,000.00 or three times the amount of compensatory damages. Ind. Code § 34-51-3-4. The Class Action Complaint further seeks an award of legal fees and costs. Legal fees may count toward the amount in controversy requirement when the prevailing party is entitled to recover them as part of damages. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201-202 (1933). Quality Dining contends that the allegations of the Class Action Complaint do not plead a cause of action that, if proven, would entitle the class to an award of legal fees, yet the named Plaintiff apparently contends otherwise.

[1] At this time Quality Dining is in the process of determining the number of persons impacted by the alleged breach, the identity of those individuals and the content of any files accessed. However, Quality Dining believes that many, if not all, of the members of the proposed class entered into agreements to submit to arbitration claims against Quality Dining, including claims of the nature asserted in this action, and that such agreements include a waiver of any right to have the dispute decided as a class action or collective action and/or terms requiring individualized one-on-one proceedings. At this time, Quality Dining intends to file in this action a motion to compel arbitration of the claims of any proposed class member who entered into such an agreement, but such a motion must necessarily wait until its continuing investigation produces additional information, including the identity of the individuals impacted by the alleged breach. Quality Dining expressly reserves the right to file a motion to compel arbitration and to stay this litigation pending the outcome of the arbitration proceedings.

8. In light of claimed or estimated number of class members, the claimed compensatory damages, and the cost of complying with the extensive injunctive relief requested by the named Plaintiff (Prayer for Relief, ¶ C, pp. 45-47), and without considering the claimed right to punitive damages and the claimed right to attorney fees as part of damages, the amount in controversy in this matter plausibly and reasonably exceeds the sum or value of Five Million Dollars ($5,000,000.00), exclusive of interest and costs. *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 540-541, 543 (7th Cir. 2006); *Spivey v. Vertrue, Inc.*, 528 F.3d 982 (7th Cir. 2008)

9. Because the amount in controversy exceeds Five Million Dollars ($5,000,000.00), because Quality Dining is a citizen of a state different than that of at least one member of the class of plaintiffs and is not a governmental entity, and because the number of members of the proposed class is not less than 100, the Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(d)(2)(A), (5).

10. Although it is not Quality Dining's burden to establish the lack of applicability of the discretionary and mandatory exceptions to jurisdiction found at 28 U.S.C. §1332(d)(3)-(4), the exceptions do not apply. 28 U.S.C. §1332(d)(3) is not applicable because, among other reasons, upon information and belief, less than one-third of the members of the proposed class are believed to be citizens of the state of Indiana, the state in which the action was originally filed. It is believed that the largest percentage of members of the proposed class are citizens of Florida, and that the citizenship of the other members of the proposed class is dispersed among the states of Indiana, Michigan, Ohio, Pennsylvania, New Jersey and Delaware.

11. 28 U.S.C. §1332(d)(4)(A) is not applicable because, among other reasons, upon information and belief, less than two-thirds of the members of the proposed class are citizens of Indiana and the "principal injuries" allegedly resulting from the alleged conduct of Quality

Dining were not incurred in Indiana, the state in which the action was originally filed, but broadly throughout several states.

12. 28 U.S.C. §1332(d)(4)(B) is not applicable because, among other reasons, upon information and belief, less than two-thirds of the members of the proposed class are citizens of Indiana.

13. The "forum defendant" rule (the fact that Quality Dining is a citizen of Indiana) does not apply and does not preclude removal of this action. 28 USC § 1453(b).

14. Quality Dining will serve a file-marked copy of this Notice of Removal upon counsel for the named Plaintiff and file a copy of this Notice of Removal with the Clerk of the Superior Court of St. Joseph County, Indiana.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By *s/ John B. Drummy*

John B. Drummy, ID No. 4824-49
Christopher R. Moon, ID No. 36524-45
Ashley N. Canan, ID No. 36788-49
*Attorneys for Defendant Quality Dining, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 12, 2026, a copy of the foregoing was served on the following via the court's e-filing system, electronic mail and/or First Class Mail:

Lynn A. Toops
Amina A. Thomas
Jack O. Pitchford
CohenMalad, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenmalad.com
athomas@cohenmalad.com
jpitchford@cohenmalad.com
*Attorneys for Plaintiff and the Proposed Class*

s/ John B. Drummy
John B. Drummy

KIGHTLINGER & GRAY, LLP
225 S. East Street, Suite 220
Indianapolis, IN 46202
(317) 638-4521
jdrummy@k-glaw.com
cmoon@k-glaw.com
acanan@k-glaw.com